■ KENNETH MARANVILLE, as President of Pentecostal Holiness Association of Warrensburg, Respondent, v. GENERAL CONFERENCE OF THE PENTECOSTAL HOLINESS ASSOCIATION, Appellant.— *Per Curiam.* This action, under article 15 of the Real Property Actions and Proceedings Law, to determine the title to certain parcels of real property used for purposes of a church and a parsonage, is brought by an individual "as President of the Pentecostal Holiness Association of Warrensburg, New York", the complaint alleging that plaintiff is "an unincorporated association * * * consisting of divers persons to carry on religious activities" and, further, that the plaintiff is the owner of the real property in question. On the trial, however, it developed that the real property had been conveyed by deeds executed in 1913 and 1929, respectively, to the Warrensburgh Penticostal [sic] Holiness Association, incorporated in 1913 as a religious corporation. The defendant asserts title by virtue of a deed executed to it in 1939 by purported trustees of the apparently unincorporated "Local Society Pentecostal Holiness Association, of Warrensburgh, New York". There is some indication that the existence of the corporation and the conveyances to it were overlooked until some time after the commencement of the action. In its brief, appellant states: "The only question raised by the evidence seems to be whether the Warrensburgh Pentecostal Holiness Association (incorporated) or the defendant now has the title". The determination of that issue by the trial court in favor of the corporation seems legally and factually correct per se but that determination, if otherwise valid, absent the corporation's participation in the action, does not necessarily redound to the benefit of the plaintiff Maranville or to such individuals or group as he may represent. It is true that, at the trial court's suggestion, a motion was made and granted to conform the pleadings to the proof but this did not effect a substitution of the corporation as plaintiff or render it a beneficiary of the action in the absence of any indication of authorization or consent on its part. It will avoid duplication of effort and unnecessary litigation to permit a motion at Special Term, on a proper showing, for the substitution or addition of the corporation as a party plaintiff, or for its intervention, and, in default thereof or upon denial of such a motion, to permit defendant to move for appropriate relief. Judgment reversed, on the law and the facts, without costs, and case remitted to Special Term for further

proceedings not inconsistent herewith. Gibson, P. J., Herlihy, Reynolds, Aulisi and Hamm, JJ., concur.